By the Court;
Bosworth, J.
— Stevens as attorney of Merkel, had authority,, on a state of facts on which the Court on motion would have vacated the default and judgment, and allowed Adair to answer, to waive the judgment and default, without compelling Adair to make a motion to the Court for that purpose. (1 Wend., 108; Hopping v. Quin, 12 id., 517.)
In the latter case, an attorney who. refused to waive a regular default, on the defaulted party offering to do what the practice of the court in such cases required, was compelled to pay the costs of a motion to open it, although the moving party was made to *406 pay the costs of the default. The mere fact, that the default was opened, without first obtaining the consent of Merkel does not of itself, exempt Merkel from liability to Stevens, as his attorney, for the costs of the action.
It would be more discreet for an attorney, before giving such a consent, to confer with his client. If the client knew and could state facts tending to show that, by vacating the judgment unconditionally he would be in danger of losing his claim, and that it would be secure if the judgment was to stand as security for such sum as might ultimately be recovered, he might, with propriety refuse to consent that the defendant be permitted to answer except upon the terms that the judgment should stand as security. In the case of Merkel v. Adair, by the terms of the consent given, the judgment recovered was to stand as security, for any sum that might be recovered in that action.
If an attorney waives such a default without consulting or obtaining the consent of his client, and upon the facts then existing and known to the client, and which upon such a consultation it may be justly inferred he would have communicated to the latter, the attorney might expect that the Court, according to its customary practice would impose terms which would make -the collection, of whatever sum might be ultimately recovered, reasonably safe; I think he acts at his peril in waiving it, and should be held responsible for any loss directly and naturally resulting from such action on his part.
But the mere fact that the opposite party fails before judgment is recovered, is not of itself, and alone, sufficient evidence of such negligence in the attorney, by whose consent the default and judgment were waived, as will disentitle him to recover for either prior or subsequent services in the action.
Upon the evidence given, I think, Adair would have been ' allowed to open the judgment and to answer: whether any other terms would have been imposed, than that the judgment should be permitted to stand as security, or whether even those terms would have been imposed, it is unnecessary to express any opinion now. The position insisted on at the trial was, that the attorney, as between himself and his client, had no right, under any circumstances, to waive the judgment and default, without the consent of the client. If an unconditional vacating of the *407 judgment would not, per se, be negligence disentitling an attorney to recover for subsequent services; an omission to docket the judgment which, was allowed (on waiving the default) to stand as security for such sum as might be recovered, would not be.
It was erroneous to permit the witness Sidell to testify whether, “ according to his knowledge, information or belief that default was opened for the purpose of enabling Adair to put his property out of his hands.”
If the fact, of such a purpose was relevant, or material, it could not be established by evidence consisting of the conclusions of the witness, based on “ information ” he had received, nor by his belief that such a purpose existed, or influenced Adair. Such evidence accepts the judgment or opinion of the witness as competent evidence, without a disclosure being made, of the nature of the information or the grounds of belief, on which his opinion or conclusion rests. Facts and circumstances must be proved and the referee or jury must determine whether they establish the particular fact in issue, to which, as evidence they are directed.
The referee received this evidence against exception and objection, assuming, that he had the power; and to exercise the power, to determine subsequently whether he would strike it from the case or retain it. The evidence appears in the case as settled; and the conclusion must be that he has retained it, and acted upon it, in determining the issues referred to him.
Evidence that Adair had property, from which the judgment recovered against him by default, could have been collected, would have been competent, if negligence, or a clear violation of duty, in opening it, had been proved. But if the fact of negligence was not established, the rejection of such evidence was not erroneous.
The evidence offered and excluded would not of itself and alone tend to prove negligence. It formed no part of the offer that, Adair was reputed to be or was in fact embarrassed or in debt when the default was opened. There was nothing included in the offer tending to show any more reason for supposing then, that he would fail, or be embarrassed before the action could be tried, than that any other person in the community would.
There was no error in overruling the question put to Mr. *408 Walden. The facts on which he was asked to state his opinion; what “ would be a fair and reasonable charge as attorney and counsel for plaintiff in obtaining the judgment therein mentioned,” did not include all which it was necessary to consider, in forming such an opinion. It did not include, or indicate all of the services proved to have been actually rendered.
An answer to the question; “what would be a fair counsel fee when your client’s reputation was attacked in a suit which lasted for a period of eight months, and where there were twenty or twenty-five attendances before referee, including various and many interviews with your client, and that in a case fiercely litigated,” was improperly received.
The answer does not obviate the objection. The answer was; “ it depends on the extent the reputation was attacked, the source of attack, and the means sought to attack, and the value. I should say $100 was a fair fee, if the attorney was counsel.”
To what extent the reputation must be attacked, what must be the source of attack, and what the means used to attack, to make the services worth, in the opinion of the witness, $100, it would ’ be difficult to conjecture, either from the question or the answer, or from a careful study of both.
One assumption embraced in the question is, that the services, the value of which the witness was to estimate, included “various and many interviews ” between the attorney and his client. How various and numerous they were, how long either of them continued, or to what they related, formed no part of the premises, on which the witness was asked to give a valuation to the services. Under such a question, a witness might estimate for more interviews than occurred, and for interviews relating to matters of difficulty, when they were not of that character, and for interviews consuming much time, when they were in fact brief or casual.
It may not be out of place to observe that the course of examination at the trial was not adapted to secure a determination of the issues influenced by proper considerations only.
Whether the action of Merkel v. Adair was or was not a referrible one, and whether Merkel’s attorney should have moved promptly in it for an order of reference, is a question of law, and of practice, which the referee should have determined, on *409 the pleadings; or upon the pleadings and on the facts proved, as to the matters to be investigated on the trial of it.
Some witnesses express the opinion that the Court would have ordered it referred to a referee, as a matter of course, and that Merkel’s attorney should have moved promptly for such an order.
Others testify that they should have resisted such a motion, if made by Adair, and insisted on a trial by jury: one that, in his opinion, a prudent attorney, under any circumstances, should not have had it referred.
Attorneys and counsel were examined and testified, as experts, as to the law in relation to referrible cases, and whether in this case the attorney should, as a matter of course, and of duty, have moved for a reference, and whether he had or had not a right, in the discharge of his legal and proper duty, to open the default. These opinions upon matters of law, and of established practice in judicial proceedings, and of the rights and duties of an attorney $s between himself and his client, were proved, and as to many points without objection, as competent matters to be submitted to a referee or jury, in deciding the issues of Met joined in this action.
If tried before a Court and jury, it would be the province and duty of the Court, to declare the law and practice of the Courts, so far as it might be necessary or proper for the jury to be informed of either, to enable them to decide the questions of fact. They are not matters, as to which it is proper to take, as evidence, the opinions of witnesses. The orderly course of proceeding on a trial before a referee, is the same.
When the services actually performed, and the circumstances under which they were performed have been shown, the proper proof of their value is obvious. It is by the evidence of those acquainted with such services, and having knowledge of their value, or of the usual and customary charges, where they are-not fixed by law.
When the evidence of facts alleged to constitute negligence has been given, it is for the Court to declare whether a supposed' state of facts, if found to be proved, is sufficient to establish it; whether the alleged negligence relates to the waiver of a regular proceeding, or to a course of action alleged to- be culpably- dilatory, and actually prejudicial.
*410 The judgment should be reversed; report of referee set aside, rule of reference discharged, and a new trial granted, with costs to abide the event. Ordered accordingly.